IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY P. DE LOS SANTOS,<br><br>  Petitioner,<br><br>vs.<br><br>ROB JEFFREYS, Director; and NEB. DEPT. CORR. SERVICES,<br><br>  Respondents. | 4:24CV3168<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Anthony P. De Los Santos' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on September 13, 2024. The purpose of a preliminary review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal Court. Condensed and summarized for clarity, Petitioner's claims are:

> Claim One: Ineffective assistance of trial counsel due to counsel's instruction to Petitioner to waive his right to a preliminary hearing in exchange for removal of the habitual criminal enhancement, which was not removed.
>
> Claim Two: Ineffective assistance of appellate counsel for failing to raise an ineffective assistance of trial counsel claim for failure to call an alibi witness in violation of Petitioner's right to a fair trial.

See Filing No. 1 at 5–7.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal Court. However, the Court cautions Petitioner that no determination

has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal Court.

2. By **December 13, 2024**, Respondent must file a motion for summary judgment or state Court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 13, 2024**: deadline for Respondent to file state Court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state Court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state Court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that

are cited in Respondent's motion and brief. In the event that the designation of state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.  If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.  By **December 13, 2024**, Respondent must file all state Court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.  No later than 30 days after the relevant state Court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of

        state Court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 13, 2025**: check for Respondent's answer and separate brief.

5.    No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 29th day of October, 2024.

                                BY THE COURT:

                                Joseph F. Bataillon
                                Senior United States District Court